December 23, 1762, Bill Klein v. Caterpillar, Inc. Floor argument not to exceed 15 minutes per side. Mr. Schrader for the in-file. Good morning, Your Honors, I'm Mr. Schrader for the plaintiff, and Attorney Gilda Flawson has been working on this case with me throughout. Your Honor, I'd like to first address the question that was received this week in court as to whether the count two that was in all three of the plaintiff's complaints was addressed by the trial court. Was it decided? To my understanding, it was not, Your Honor. Count two alleged breach of implied warranty and express warranty, and the court said that negligence per se was dismissed, and negligence per se was never addressed in the count two or in the entire complaint. Negligence per se is when a statute is violated under Michigan law, and we did not allege a violation of a statute. We definitely alleged a violation of a duty to perform their undertaking reasonably. Well, I guess, I mean, one thing that occurred to me in looking at the record on this point again was, I mean, the court does unequivocally, quote, dismiss the entire third amended complaint, so I mean, that would seem to be, that looks like an adjudication of the whole thing. But there was never any discussion of breach of implied warranty. Yeah, no, and that's sort of like, you could criticize the court for the absence of any discussion. Not as a jurisdictional point necessarily, but as a substantive point for us to consider as part of that deal. Well, anyway, why don't, unless somebody else has a question, why don't we move to the merits and why you think FABCO was an agent, among other things. Yes, well, FABCO was an agent because the FABCO employee testified that based on his 20 to 30 years of experience, that the express statement that this update includes all current Caterpillar engineering updates language that came from Caterpillar. Caterpillar's logo is on the work order estimate. Caterpillar, according to his testimony, developed the rebuild and provided the parts needed for the rebuild, lined out what needed to be replaced or inspected and provided the scope and parameters of the rebuild. And the machine was assigned a new serial number by Caterpillar. That's all true. But if we look at Michigan law, there's a case, Little versus Howard Johnson Company. I don't know if you're familiar with that one. Michigan law seemed, I mean, that case specifically says, so it was Howard Johnson. And it was Howard Johnson. You remember the old Howard, I think there's a brand of business.  The orange roof.  Miami Dolphins colors. And so they were, I mean, so the franchise E is using all the Howard Johnson logos, kind of similar to the logos being used here. And Howard Johnson had various standards that they had to meet regarding the condition of the premises, one of which had to do with ice. And the Michigan Court of Appeals, there was an issue about whether the franchisee is an agent of Howard Johnson's. And the Michigan Court of Appeals said that uniformity and standardization with respect to the conditions of the premises did not create an agency relationship. And instead, to create that relationship, the putative principle must have meaningful day-to-day control over the manner in which they're doing the work. And so my question to you is, why isn't this like the Howard Johnson case? You have certain uniformity of like a parts list, but Caterpillar is not, according to any evidence, in this case, as I understand it, Caterpillar is not supervising the actual reefer work itself, kind of day-to-day or otherwise. Your Honor, I believe there is a difference here. Caterpillar decided what was in the rebuild. Right, just like Howard Johnson said, things have to be done a certain way. What's the difference, I guess? Because I think you said that the Howard Johnson case was about ice and the condition of the premises. I mean, it's like you have to have things arranged and the premises need to be maintained a certain way. You have to have a certain appearance, a certain lobby size, whatever. But controlling a rebuild of a machine, of a vehicle, is different than taking care of premises. Sure, that's a difference, but whether it's material is kind of the question. It goes to the very heart of the rebuild should have included getting rid of that very dangerous, known condition with this vehicle, that there was a large portion of the driver's vision, which was completely blocked out in the front and to the right of the vehicle, that when he's driving this huge machine, he can't see what's in front of him. And it was standard in 2010, five years before this rebuild, that there had to be object detection systems involved in this vehicle. Well, it was a tragic accident.  And Fabco arguably dropped the ball with its redesign. But you didn't sue Fabco, and I'm not sure why. I didn't. Fabco, in principle, they were only working with Caterpillar because they chose to do so to secure the benefits of the warranty. They weren't required to modify the machine in the way that Caterpillar required. They voluntarily agreed to do that because they wanted the benefit of the warranty. And agents usually work only at the direction of the principal, and here the agent was voluntarily agreeing to the standards of the principal. That feels like not a traditional principal-agent relationship. If General Motors designed the reconditioning of a car, and the auto dealership who did the work follows General Motors' design and instructions, and does it General Motors' way, General Motors is responsible for having an incorrect rebuild of a machine, just like Caterpillar is here. Is your argument that maybe the agency relationship doesn't even matter? Like that by putting out the manual for the rebuild, they did that in a negligent way? Yes. And then so maybe there's a causation. Did Fabco do this correctly? Or maybe there's an intervening factor. But whether there's an agency or not, they put out the manual of how you do a rebuild in order to get the warranty and the serial number and things like that, and you have to use these parts. When they put that out, they did that somehow in a negligent way? I'm not an expert in this by any means, but as I was looking through the rebuild specs, I noticed that some rebuilds required improvements. You know, you had to, like, upgrade, like, a fire protection system. You had to upgrade some stuff about friction from the 1994 model. Other things you were just putting in a new part, but essentially the same part. So is your argument that they were just negligent in kind of telling people what they were supposed to do in the new model?  But where do you, I mean, respectfully, where do you argue that in this appeal? I mean, because that is the conduct of Caterpillar itself, the parts list for the different kinds of refurbs, and frankly, I mean, I was thinking the same point, but I just don't see where you're making that argument in your briefing. I just don't. Or in the district court. I mean, you are arguing that they are an agent. I mean, that seems to be your principal argument. You also argue that they voluntarily assumed the duty, but, I mean, I'm not sure how that, how they assumed the duty that they didn't assume in this refurb. But let me, I don't want to leave. Where do you argue in your brief that Caterpillar is directly liable, as opposed to vicariously liable, for basically its parts list that FABCO is utilizing in this refurb? I believe I argued that throughout everything in this case.  I mean, I just, I'm telling you, I really don't see it, and I want to give you a chance to prove me wrong in terms of the brief you filed with our court. Your Honor, we argued that Caterpillar was negligent. We argued in response that there really was no— But you argued they were negligent with the original manufacturer and all that kind of thing. And with the rebuild. Well, tell me where you are, I'm just asking, where do you argue in this appeal? I have your brief in front of me. Or you can look at counsel table during, you know, when your friend's up here. But I'm just telling you that's a concern I have. I just don't see this argument about direct negligence, as to count one. Count one, it seems like you're making an agency argument. Count one, I'm saying that they are directly negligent for not including object detection when the machine was rebuilt in 2015. That's what it was definitely all about. Count two was about the warranty, which was breached. Both the implied warranty and the express warranty were breached. And count three was about the original product liability from 1985. Well, on that preservation issue, I would suggest that when you have time at the counsel table, you can look at your brief and tell me what page you think you made that argument. I'm open to hearing where you think you made that argument. I'm telling you, I haven't seen it myself. And then as to count three, just in the time you have, that's the count, you know, about the 1994 manufacturer and so on. The question is whether that claim relates back to the filing of the complaint, right? And so we have different formulations for that Rule 15 relation back, one of which is it has to be based on a common set of occurrences. Yes. It's written somewhere. In Judge, the trial court's January 12, 2020 to order, he said there is no reason to deny plaintiff leave to amend. Plaintiffs? Okay. But, you know, leave is one thing. Relation back is another. Two different parts of the rule. And so the district court's finding, and Judge Ludington thought it was obvious, is the word he used, is that count one concerns actions or omissions by Caterpillar in, you know, 2015 or whatever it was.  Count three concerns actions or omissions in 1994 that can't be the same transaction or occurrence. They're 25 years apart. And why do you think that's a mistake? Well, he said, plaintiff's proposed amendment does not change the nature of the case, but rather just clarifies the allegations that he had already made in his original complaint. Okay, but let's say, I understand he said that with respect to granting leave, or maybe it was the magistrate. Frankly, you know, the fact that you have two cooks in the kitchen here has created some real confusion as to merits decisions, unfortunately. But if we just look at his reasoning that I just recited, 25 years apart, the omissions, it's really omissions. Why isn't he right? That that can't be the same transaction or occurrence. They're a generation apart. The allegations in the first and second complaint definitely dealt with the fact that the bumper was a very small bumper, very narrow, did not cover the wheels of the machine, and that was from the date of manufacture, 1994.  But weren't those claims that something that should have been changed in 2015, not that they were wrong in 1994? The claim is that it was wrong in 1994 to have a bumper that didn't cover these massive wheels. But that was in your first complaint, that it was wrong in 1994? That the bumper was negligently designed initially and should have been improved in the rebuild. It was telling to me that in count three, the new county used the word manufacture. You didn't use that in count one or count two. The manufacturer makes me think right to 1994. But you didn't use that word? Well, I think the rebuild was also a manufacturing of a new product that should have been a 2015 product and not an 18. The rebuild one place manufactured the other place. If you're looking at the statute, that's pretty telling. The design and manufacture of this birdcaller, both in 1994 and in 2015, were negligently done. That's our allegation. And there were questions of fact about that. There was a lot of testimony about Caterpillar being involved in this rebuild. I think you've answered his question. You've reserved four minutes, which is substantial. So if you want to keep four minutes, we're going to end now. We'll hear from Mr. Hunter. Thank you. May I please report? Your Honor, I think I will address the court's inquiry of a couple days ago about the jurisdiction. Sure, go ahead. Just briefly. I agree with the court that a judgment was entered dismissing the entire Lurie-Meadow complaint. I think what happened here, and this goes to sort of the underlying merits of the court's decision as to counting, was confusion. This case was filed against Caterpillar based on this agency theory, but was not filed against the entity that actually did any of the work or was directly involved in this transaction. Caterpillar was completely foreign to this transaction. It had no interaction with FABCO on it. It had no interaction with Carmuse. Well, it told FABCO what it had to do to do a rebuild so somebody could be part of the warranty for everything they knew. True. Can I ask you, maybe this is academic to this case, but going back to the Howard Johnson case, had Howard Johnson, the franchisor, given specific instruction about how to deal with the ICE? Like, you have to use this particular type of ice melt to deal with ICE as part of its grant type agreement. And let's say that ice melt harmed people. Maybe it harmed the employees who were distributing it or harmed toxic fumes in the air, harmed guests. In that kind of situation, do you think there would be enough control over the exact issue in that case that would give rise to an agency relationship that it's good to sue the franchisor under an agency period there? Or do you think maybe they could just sue directly if the agency relationship doesn't matter at all? Or maybe they can't sue Howard Johnson at all even though they mandated if you're going to have a franchise agreement with us, you have to use this ice melt. So... I hope I made that up to make sense. No, I understand where you're coming from. So I would say this, that in theory, I think that by exercising enough control over a requirement of a specific product, so the ice melt, could, if the ice melt was in fact the cause of the injury, be enough control for agency purposes. That's not what's going on here. What plaintiff claims is we should have put more things into the parameters for the certified rebuild. We're not in there. So if anything, it's an omission claim as opposed to affirmatively saying you need to install cameras. We were silent on the issue. So I think that's different than your hypothetical, at least as far as this case is concerned. I still don't think direct negligence would apply to Howard Johnson's, even if it required the use of this ice melt, because there's no direct connection between Howard Johnson's and whoever the putative plaintiff would be. If that makes sense. Unless the melt itself, the kind of melt, was defective. Yeah. If the complaint was, if the complaint was, hey, the very problem here is the particular brand that you made them use, would that be grounds? Well, maybe it's... I still think it's agency. Yeah, I hear you. I mean, it's really more... But that would be enough control. I think there are circumstances where you can exercise enough control over a specific aspect of something, where if that claim arises out of that specific aspect, then there can be an agency relationship. I would agree that that's possible. Here, what we have is a rebuild parameter where Caterpillar says to the dealer and to the end user, if you want to have a machine that you can rewarrant for the next ten years, this is the minimum of what you have to do. Nothing more, nothing less. And it doesn't involve upgrading safety technology to object detection cameras, anything that has occurred in the last 25 years. That's all we said. So we didn't prescribe the use of object detection. We didn't require it. We didn't assume a duty for it. And that's why it's different than what your hypothetical is. Can I take another hypothetical? I'm trying to tease things out. If... After the manufacture, there's... You know, the tires on the Caterpillar explode if they're used too many hours in a row. And maybe there's no technology that would deal with that when you manufactured this in 1994. But new technology has now come along and you're doing rebuilds in 2015 and you're putting specs together. What do you have to do improvements on? Like, give an improved part versus just a new version of the old part. Had Caterpillar not put in its manual that you need to use the new type of... new and improved type of tire, would that give rise to either a direct period negligence or an agency relationship here with any problems? Under your view of Caterpillar's duties. So, I would say that as far as what Caterpillar does when we refer to these engineering upgrades, those are to address those very issues. So, if there is a part that's prematurely failing, they'll substitute in a new part and that's in the parts list that is provided. Right, so let me get to that. I'm kind of curious about what its legal duty is under Michigan law. So, under Michigan law, it has no legal obligation to fix or repair something that was not latently defective at the time. Right, so if there's new technology that now we can have the tires not blow up after use too long, and they're doing a certified rebuild and they're telling FAFSA or whichever authorized dealer, you know, when you do a rebuild, you know, maybe people can pay to have these new tires, but if you do a rebuild for a warranty program, they don't have to have the new and improved tires. There would be no liability if the tire blows up. Under Michigan law, that's correct. I just want to understand your argument. I mean, this might be the trickiest part of this case. I mean, on the one hand, Caterpillar gives the parts list, you know. And the parts. And provides the parts. And, you know, maybe it's just a claim of direct liability, but, you know, one could say, hey Caterpillar, you know you have a visibility problem with the right front bumper area, and you need to add additional parts. Now, it turns out that probably includes the entire cab, because you've got to redo all the electronics and everything. So that's the other rebuild, right? A way bigger deal. But one could criticize the limited nature of the parts list here. Maybe that's just direct liability, right? Maybe that's not agency. It would be direct liability if Michigan law... If there was a duty. But Michigan law, there is no duty. So the only way that Caterpillar could be liable is by the assumption of a duty. And Caterpillar's parameters here say nothing about these object detection issues, or upgrading to object detection technology. So they didn't assume a duty to install any of that. So, I mean... Well, if... So, it would fall within the Michigan duty if Caterpillar knew that there was at the time of manufacture that there was some flaw, design flaw, manufacturing flaw, whatever, design with a particular part. Is that right? Only if latent. Only if latent. I mean, I don't want... The visibility issue with the earth is not a latent issue. I've seen these things. It's otherworldly. It's like a building on wheels. It's otherworldly. So, well, what was I thinking of? I don't know. But you're saying you didn't assume a duty here. I mean, it's quite the contrary. You limited what you were going to replace, and none of those things. It would seem like it's akin to... Let's say a court determines today that if you manufacture a car without a backup camera, that that's negligence. Apart from regulatory requirements, it's just negligence. Because you should have that. It's a safety thing. And so then, if you trade that car in and a dealer does a certified pre-owned deal, where the new buyer gets a warranty, does Ford now have an obligation to retrofit a backup camera into a 2015 Focus that doesn't have one? That's exactly the problem and the reason why Michigan law doesn't require that. It doesn't require that you have to go out and update something. For example, use a classic car. Somebody finds an old Corvette in somebody's garage, and they go down to the... They go down to the auto body shop and they say, hey, I want this thing rehabbed. Does the auto body shop, is it going to put anti-lock brakes on it? Or collision avoidance for a backup camera or any of this stuff that has come into being since then? Of course not. It's going to rebuild it to its original condition, which is what Caterpillar prescribed here. Well, that answers my question. Thank you. Any other questions? All right, Mr. Hunter. Thank you. Appreciate your argument. Your rebuttal. Yes, Your Honor. The... This was not rebuilt to be a museum piece. To look what a 1994 Earpoller is. It was rebuilt to make it working daily with people around in 2015. It got a new serial number. It was warranted as a new rebuilt machine. 1994 machine, rebuilt. Up to 2015 standards. It changed the standards. I mean, they treat it as a new 94, not as a new, latest model. That's a different rebuild. It was rebuilt to work in 2015. And it had a known danger built into this machine. It wasn't latent, right? It was latent. Well, like everyone knows, people can tell, like I can't see in a certain zone. I mean, that's not... Well, maybe it's obvious to the driver, but it's not obvious to anyone else that the driver is driving this machine blindly. And can't see what's in front of it. How does your case materially differ from Judge Keplech's backup camera example or Corvette example? If the machine was being... If the car was being rebuilt to go on the Autobahn at 100 miles an hour, it has to be able to do that safely. I don't know about the backup camera being the right analogy, but if you're using a vehicle... Well, it's the same thing. It's like, hey, you know, you can't see very well what's behind you. Let's say a court determines that it's negligent if you put a vehicle out now and make one now without it. It's safe because of the visibility problem. How is that different from here? If the windshield was blacked out one-third of it and that vehicle was rebuilt, that safety problem has to be fixed. I guess, you know, it's a legal question, right? How does Michigan law impose that duty? Michigan law pretty clearly says you do not have a duty to upgrade, retrofit, to bring older models up to contemporary standards of safety. You just don't have that duty. When you recall the product and have it rebuilt, you do have a duty to do that reasonably. Well, they have to voluntarily assume a duty. Yes, they did. If they say, look, all this refurb is doing, all we're warranting, all that we're giving a warranty for, is a vehicle as it would have been in 1994. We're not going, we're not purporting to do more than make this like a new 94. How is that assuming a duty to do more than make it a 94? That is not what they did. So is that a fact question? The scope of the duty that they assumed? Yes, just like agency is a question of fact. But it said, they expressly said it brings it up to all the electronic, I don't have it right here in front of me, but brings it up to everything Caterpillar knows. That was the express warranty on this invoice. Do you have a record site for something to that effect? Because I don't recall seeing something like that. It includes all current Caterpillar engineering updates. That is the quote. And I will get you a record site. But that is the express warranty that they violated. All current Caterpillar engineering updates. Well, so the red light's on. If you care to, you can take three seconds and wrap up. I thank you for your time and attention. And for realizing that the implied express warranty count was never addressed by the court. Thank you, ma'am. We appreciate your argument. Both sides. Case will be submitted. And the clerk may adjourn court.